# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2013

No. 12-20759
Summary Calendar

Lyle W. Cayce
Clerk

IN RE: GRAND JURY SUBPOENAS

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-MC-408

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

This case involves a dispute between the Government and the owner and operator of a foreign-flagged ship known as the M/T MEDIATOR. The Government appeals from the district court's order quashing subpoenas duces tecum issued by a grand jury to Lantra Shipping Company (the ship's owner) and to Evalend Shipping Tankers Co. S.A. (the ship's operator), both of which are Greece-based companies. We VACATE the district court's order and REMAND.

During an inspection of the MEDIATOR at the Port of Houston, the Coast Guard identified potential violations of federal law with respect to the ship's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treatment and discharge of oily wastewater, and with its associated record keeping, which precipitated a grand jury investigation. The Coast Guard and the companies entered into an "Agreement on Security" permitting the ship to leave port in return for, inter alia, the posting of a surety bond. As part of that agreement, the companies agreed that its attorneys would be authorized "to accept service of any correspondence or legal papers relating to the Alleged Violation on behalf of the Vessel, Owner and Operator." Additionally, the companies agreed to "reasonably facilitate and assist the United States in effecting service of federal Grand Jury . . . subpoenas to records custodians employed by the Owner and Operator and who are not in the United States . . . . The Owner and Operator will instruct records custodians to cooperate with the United States in carrying out its investigation and will act in good faith in carrying out this obligation."

As part of the grand jury investigation, the Government issued subpoenas duces tecum to defense counsel for Lantra and Evalend. The subpoenas commanded each company "through its custodian of records or other authorized, knowledgeable representative [to] appear before the Grand Jury . . . and produce" specified documents. The companies took the position that they were not required to produce a custodian of records because the custodians had not been personally served with the subpoenas in Greece, and because the Government had agreed to accept a business records stipulation in lieu of a personal appearance. Upon the Government's motion to enforce the subpoenas, the district court initially ordered the records custodians to appear. The companies moved for reconsideration, however, and the district court quashed the service of the subpoenas on counsel. The court ordered that the Government "must issue the proper subpoenas for the proper people. They must be served properly." The Government now appeals.

The companies urge preliminarily that we lack appellate jurisdiction because the district court's order is procedural in nature and merely requires the Government to re-serve the subpoenas. We disagree. By quashing the subpoenas, the district court's order precludes the presentation of the evidence by a personal representative of the companies and, "[a]s a practical matter, the order . . . excludes evidence." In re Grand Jury Subpoena (Kent), 646 F.2d 963, 968 (5th Cir. 1981); see also 18 U.S.C. § 3731. We therefore have jurisdiction.

Turning to the merits, it is settled that corporations are subject to grand jury subpoenas. See Wilson v. United States, 221 U.S. 361, 374–75, 31 S. Ct. 538, 542 (1911). Here, the record shows that the subpoenas were issued to the corporations, that the corporations had notice of the grand jury subpoenas, and that the corporations' counsel were authorized to receive all "legal papers" relating to the vessel's alleged violations on behalf of the corporations. The subpoenas were validly served on the corporations, and the companies do not argue otherwise. In light of the valid service, the companies had to comply. Moreover, the Agreement on Security between the parties requires the companies to "assist" with the service of the grand jury subpoenas on the individual records custodians and to do so in good faith. Having been properly served with the subpoenas, the companies must be held to their agreement. They must either produce the records custodians or show why they cannot do so.[1]

We are unpersuaded by the companies' suggestion that the Agreement on Security is irrelevant because the records custodians are non-parties and not

---

[1] The case of United States v. Target Ship Mgmt. PTE, Ltd., 2012 WL 1415001 (S.D. Ala. 2012), in addition to being non-binding on us, is distinguishable. That case, which involved the attempted service of a trial subpoena rather than a grand jury subpoena, makes no mention of a similar agreement by the corporation to assist in the service on the records custodian. See id. at *1. Enforcement of the subpoenas in this case does not, as the companies assert, compel the appearance of foreign-based witnesses contrary to Fed. R. Crim. P. 17(e) or 28 U.S.C. § 1783; rather, it compels the companies to comply with their own agreement as part of a valid grand jury investigation.

covered by the agreement. "A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience." Id. at 376, 31 S. Ct. at 543. As noted, the companies were served with the subpoenas and agreed to assist in service on the records custodians.

The companies also argue that the Government lacks a good faith basis to compel the appearance of the records custodians because the companies have already produced responsive documents and because the Government agreed to accept affidavits stipulating to the authenticity of the evidence in lieu of the custodians' personal appearance. The record does not show that the Government agreed to forego the appearance by the records custodians. On the contrary, the Government expressly and repeatedly stated its position in correspondence with defense counsel that it did not waive the right to summon the custodians to appear before the grand jury. Indeed, the Government had the power to compel the custodians' personal appearance. See id.; cf. Curcio v. United States, 354 U.S. 118, 125, 77 S. Ct. 1145, 1150 (1957) (although the grand jury may not compel a records custodian to testify in violation of his personal Fifth Amendment rights, the custodian may be required "to identify or authenticate the documents for admission in evidence"); see also Branzburg v. Hayes, 408 U.S. 665, 688, 92 S. Ct. 2646, 2660 (1972) (noting that grand jury's "investigative powers are necessarily broad" and that its "authority to subpoena witnesses is not only historic, . . . but essential to its task" (internal citation omitted)).

The district court's order quashing the subpoenas duces tecum is vacated, and the case is remanded for further proceedings.

VACATED AND REMANDED.